**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH ROVESS STINES,
                Petitioner,         Case No. 98-80812

vs.                                      PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

UNITED STATES,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER STINES' MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582**

Before the Court is Petitioner Joseph Stines' ("Petitioner Stines") Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582. For the following reasons, the Court DENIES Petitioner Stines' Motion for Reduction of Sentence.

**I.    BACKGROUND**

Petitioner Stines was found guilty of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base.[1] He was sentenced to 400 months on Feburary 11, 2000. Petitioner Stines appealed to the Sixth Circuit Court of Appeals, and on December 3, 2002 his conviction and sentence was affirmed. *See United States v. Stines, et al.*, 313 F.3d 912, Appendix 16 (6th Cir. 2002). On June 23, 2003, Petitioner Stines filed a petition for certiorari with the Supreme Court. This petition was denied on October 20, 2003. *See Stines v. United States*, 540 U.S. 973 (2003).

On October 19, 2004, Petitioner Stines filed a Motion to Vacate. (Dkt. No. 490). Then on

---

[1] The Court incorporates the relevant background surrounding Petitioner Stines' trial and conviction as set forth in *United States v. Stines, et al.*, 313 F.3d 912, Appendix 16 (6th Cir. 2002).

November 8, 2004, Petitioner Stines filed an Amended Brief in support of his Motion to Vacate. (Dkt. No. 494). On March 27, 2006, the Court allowed Petitioner Stines to file a second Amended Brief in support of his Motion to Vacate. (Dkt. No. 552). The Government responded to Petitioner Stines' Motion to Vacate on October 27, 2006. (Dkt. No. 576).

On July 7, 2008, Petitioner Stines filed the instant Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582. (Dkt. No. 605). The Government responded on July 24, 2008.

## II. ANALYSIS

### A. Legal Standard

Section 3582(c)(2) "provides a mechanism for the modification of a sentence if the Sentencing Commission changes the relevant sentencing range after a defendant is sentenced. *United States v. Carter*, 500 F.3d 486, 488 (6th Cir. 2007). The statute sets forth, in pertinent part:

> Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that . . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

### B. Resentencing

In the instant action, Petitioner Stines argues that he is entitled to a resentencing because of "a combination" of two factors: (1) the United States Sentencing Commission's finding that the two-level reduction in the penalties for crack cocaine should be retroactive; and (2) "the newly

2

discovered evidence of hidden witness deals". (Pet. Mot. 1). Petitioner Stines contends that because the Court relied on testimony which was not credible in light of the "newly discovered" evidence, the quantity of drugs upon which the Court based his sentence is wrong and resentencing is required. Flowing from this conclusion, Petitioner Stines avers that the amount of drugs should be less and based upon this lower yet to be determined quantity of drugs, he is entitled to the two-level crack reduction. Finally, Petitioner Stines contends that because a resentencing is necessary in this circumstance – and the law at the time of sentencing applies – he is entitled to a reduction of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Court finds Petitioner Stines' arguments stem from a flawed premise – that the appropriate basis for a sentence modification or resentencing pursuant to § 3852 is a collateral attack against the original proceedings. The Sixth Circuit has held:

> [w]hen a § 3582 motion requests the type of relief that a § 3582 provides for – that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing – the then motion is rightly construed as a motion to amend sentencing pursuant to § 3582. On the other hand, when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion. Any second or successive § 2255 motion shall be subject to the authorization process mandated by *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

*Carter*, 500 F.3d at 490. In the instant action, Petitioner Stines argues that the witness testimony in his original proceedings and relied on in his sentencing was not credible based on allegations of prosecutorial misconduct. Petitioner Stines has asserted these same allegations in his currently pending Motion to Vacate.

Petitioner Stines does make an argument that a modification of the applicable sentencing

3

guidelines has been made retroactive by the United States Sentencing Commission and that this modification would affect his sentence. However, the modification only applies to Petitioner Stines' sentence if the Court were to find the allegations made in his Motion to Vacate were true – that Petitioner Stines did not distribute or possess with intent to distribute more than 7 kilograms of crack cocaine.

Amendment 706, adopted by the United States Sentencing Commission on November 1, 2007 and made retroactive on March 3, 2008, revised the sentencing guidelines such that offenses which involved more than 4.5 kilograms of cocaine base had a base offense level of 38. Prior to Amendment 706, the guidelines had stated that to receive a base offense level of 38 the offense must have involved more that 1.5 kilograms of cocaine. *See* 18 U.S.C. Appx. C, Amend. 706.

In the instant action, Petitioner Stines was convicted and sentenced based on his being found to have distributed or possessed with intent to distribute over 7 kilograms of cocaine base. Therefore, before Petitioner Stines' sentence is subject to modification the Court must agree with the arguments made in his pending Motion to Vacate: by finding Petitioner Stines responsible for less than 4.5 kilograms of cocaine base. Ergo, Petitioner Stines has filed a § 3582 motion which is in substance a Motion to Vacate. However, the Court does not find that the current motion constitutes a second or successive habeas petition, nor does it constitute an amendment to his Motion to Vacate, for the reason that the Court has not yet decided his Motion to Vacate and his argument is not a "new claim". For these same reasons, the Court need not address Petitioner Stines *Apprendi* argument. *See United States v. Smith*, 88 Fed. Appx. 71, 73 (6th Cir. 2004) (unpublished) (rejecting a petitioner's argument for resentencing pursuant to *Apprendi* because that decision does "not affect guideline ranges, and thus does not afford relief under § 3582.") (internal citation omitted).

The Court finds, in light of these facts, that Petitioner Stines' Motion for Resentencing is premature and unripe given the disposition of his pending Motion to Vacate which contains the same arguments and allegations.

### III. CONCLUSION

For these reasons, the Court **DENIES WITHOUT PREJUDICE AS UNRIPE** Petitioner Stines' Motion for Reduction of Sentence. (Dkt. No. 605).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 27, 2008.

s/Denise Goodine
Case Manager