UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH STINES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CIVIL NO. 04-74075
CRIM. NO. 98-80812

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER

### (1) DENYING JOSEPH STINES' PETITION PURSUANT TO 28 U.S.C. § 2255

### (2) GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2), PURSUANT TO THE FAIR SENTENCING ACT OF 2010 (FSA) AND THE DECISION OF THE U.S. SENTENCING COMMISSION TO GIVE RETROACTIVE EFFECT TO THE PERMANENT GUIDELINE AMENDMENT REGARDING CRACK COCAINE OFFENSE. THIS AMENDMENT AND ITS RETROACTIVE EFFECT BECAME EFFECTIVE NOVEMBER 1, 2011

### (3) DENYING "MOTION: REQUEST FOR SENTENCE AT VARIANCE WITH THE ADVISORY GUIDELINE RANGE ASKING THE COURT TO APPLY A 1-TO-1 CRACK-TO-POWDER RATIO"

### (1) PETITION PURSUANT TO 28 U.S.C. § 2255

On January 22, 2010, the Court provided Petitioner Stines with an evidentiary hearing to support his § 2255 claims. Petitioner called one witness: Mr. Rasul Warren.

On December 1, 2010, this Court issued as Opinion and Order Denying Petitioner's 28 U.S.C. § 2255 Motion to Set Aside Sentence Based on Evidentiary Hearing Testimony of Rasul Warren.

1

On December 17, 2010, Petitioner filed a Motion for Reconsideration, or for Rehearing, or for Relief From [the December 1, 2010] Opinion and Order.

For the reasons stated below, this Court DENIES this Motion for Reconsideration and DENIES Petitioner's request for relief under 28 U.S.C. § 2255.

## THE MOTION FOR RECONSIDERATION

Petitioner's Motion for Reconsideration was argued before the Court on June 20, 2011.

One issue related to Mr. Warren's testimony at the evidentiary hearing, in response to a question from Petitioner's attorney, directing her to "stick to the script." The Court's Opinion and Order of December 1, 2010 stated: "This apparently refers to a script developed pre-hearing between Petitioner's counsel and the witness." Dec. 1, 2010 Opinion P.2. At the instant hearing, Petitioner's counsel contended that the quote could be taken as implying that she acted unethically. That was not the Court's intent. The Court recognizes that it is common practice for an attorney to meet with a witness in advance and go over questions to be asked at the hearing. The Court was characterizing Warren's response as indicative of the witness' reluctance to provide a complete answer to defense counsel's question, and thereby undermine his credibility. Warren's testimony was replete with evasiveness and lacked credibility.

The Sixth Circuit has held that "sworn recantation must be viewed with caution." *Welsh v. Lafler*, #10-1467, 2011 WL 5041418 (6th Cir. 2011) (unpublished). In the instant case, Warren's testimony which included come recantation, was not close to credible.

## RULING ON THE § 2255 PETITION

The Court's Opinion and Order of December 1, 2010, recounted that on July 17, 2009, the Court had held a status conference at which counsel for Petitioner stated that Rasul Warren

2

was the one person who had admitted giving perjured testimony in Stines' trial. Based on that proffer, the Court granted Petitioner's request for an evidentiary hearing. Further, while 28 U.S.C. § 2255(c) states that "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." This Court, recognizing the extensive amount of post-conviction litigation culminating in this evidentiary hearing, ordered Petitioner's presence. Petitioner called one witness: Rasul Warren. Mr. Warren testified. The Court found his testimony to be inherently incredible, for reasons set forth in the Court's Opinion and Order of December 1, 2010 and in the instant Opinion.

At the status conference on June 20, 2011, Assistant United States Attorney Bruce Judge noted that the extensive history of this collateral litigation that began in October 2004. The Court acknowledges that there was a justified hiatus in these proceedings, as the Government investigated the prosecution function in this case as an offshoot of it's investigation and subsequent confession of error in *United States v. Koubriti*, 336 F.Supp.2d 676 (ED MI 2004). As a result of this investigation the Government produced the "Schools Memorandum", which was provided to counsel for Petitioner Stines well prior to the instant evidentiary hearing.

The Court and counsel have been fully apprised of all the relevant matters in the instant case. The Court concludes that there is no basis for overturning Petitioner's conviction and original grounds for the sentence. Thus, the Petitioner's § 2255 petition is DENIED.

### (2) MOTION TO REDUCE SENTENCE

Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), on July 27, 2011. The Government filed a Response on December 2, 2011. The Court finds, as set forth below, that there is a basis for reducing Petitioner's sentence pursuant to the Fair Sentencing Act

of 2010.

Petitioner Stines' original guideline range was 360 months to life. Petitioner was sentenced to 400 months incarceration in 2000.

Petitioner's new guideline range pursuant to calculations under the FSA is 324-405 months.

The Court has examined the voluminous trial transcript, the ultimate sentences of co-Defendants, and Defendant's Post-Sentencing Conduct at Bureau of Prisons institutions which indicates that Stines has been a good worker and has generally remained incident free, except for two minor infractions. In addition he has successfully completed multiple education courses.

The Court concludes that Petitioner merits a sentence reduction under the FSA. The new lower FSA Guideline Range is 324-405. The Court resentences Mr. Stines to 330 months incarceration.

## (3) MOTION FOR SENTENCE VARIANCE APPLYING 1-TO-1 CRACK-TO-POWDER RATIO

On November 28, 2011 Petitioner filed the 1-to-1 Motion. Petitioner had been sentenced on February 11, 2000. Petitioner's July 27, 2011 Motion to Reduce Sentence under 18 U.S.C. § 3582, the matter discussed in Section (2) of this Opinion, was supported by Congressional legislation, to wit, the Fair Sentencing Act of 2010, (FSA), and by the Sentencing Commission's decision to apply the FSA of 2010 retroactively. On the other hand, Petitioner has not provided a legal basis to support his motion. Nor has the Court found legal precedent to support this motion.

Both District Court decisions cited by Petitioner, deal with present-tense sentencings, not

4

resentencings. *United States v. Billy Williams, Sr.*, 788 F. Supp. 2d 847 (N.D. Iowa, 2011); *United States v. Sheldon Greer*, 699 F. Supp. 2d 876 (E.D. TX 2010). Accordingly, neither District Court decision provides support for Petitioner's Motion for Resentencing, filed November 28, 2011.

The Court concludes that there is no legal support for Petitioner's Motion for Sentence Variance Applying 1-to-1 Crack-to-Powder Ratio.

Accordingly, the Court (1) DENIES Petitioner's 28 U.S.C. § 2255 claim; (2) GRANTS his Motion for Reduction of Sentence under 28 U.S.C. § 3582(c)(2), and (3) DENIES his Motion for Sentence Variance Applying 1-to-1 Crack-to-Powder Ratio.

SO ORDERED.

DATED: 12-5-11

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE